763 N.W.2d 411 (2009)
277 Neb. 554
Trevor WALSH, appellee,
v.
CITY OF OMAHA POLICE and Fire Retirement System and the City of Omaha, a municipal corporation, appellants.
No. S-08-184.
Supreme Court of Nebraska.
April 10, 2009.
*412 Jo A. Cavel, Deputy Omaha City Attorney, for appellants.
Thomas F. Dowd, of Dowd, Howard & Corrigan, L.L.C., Omaha, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
After he was terminated from his employment with the Omaha Police Department, Trevor Walsh filed an application for a non-service-connected disability (NSCD) pension from the City of Omaha Police and Fire Retirement System (Retirement System). The Retirement System's board of trustees (Board) denied Walsh's request because he was not a member of the Retirement System at the time he filed the application.
Walsh filed a complaint pursuant to the Uniform Declaratory Judgments Act, Neb. Rev.Stat. §§ 25-21,149 to 25-21,164 (Reissue 2008), in the Douglas County District Court. The court held that the Omaha Municipal Code did not require an applicant for an NSCD pension to be a member of the Retirement System at the time of application. The court sustained Walsh's motion for summary judgment and ordered the Board to hear Walsh's application. The Retirement System and the City of Omaha (City) appeal.

SCOPE OF REVIEW
When analyzing a municipal ordinance, an appellate court follows the same rules as those applied to statutory analysis. State v. Prater, 268 Neb. 655, 686 N.W.2d 896 (2004). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. Id. An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Id.
Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. Agena v. Lancaster Cty. Bd. of Equal., 276 Neb. 851, 758 N.W.2d 363 (2008).

FACTS
On February 7, 2000, Walsh injured his back and right knee in an accident while employed as a police officer for the City. Walsh filed a request with the Retirement *413 System for a service-connected disability pension based on the injuries. The Board denied the request, and Walsh sought review in the Douglas County District Court. While the matter was pending in the district court, Walsh asked the Board to reconsider its decision. He attached a copy of the municipal ordinance that had not previously been presented before the Board. The Board denied the request to reconsider, and the district court affirmed the Board's decision to deny Walsh's application.
On appeal, the Nebraska Court of Appeals found that there was sufficient relevant evidence to support the Board's decision that Walsh's injuries did not make him permanently unable to perform his duties as a police officer. Walsh v. City of Omaha Police & Fire Ret. Sys., No. A-04-090, 2005 WL 1216232 (Neb.App. May 10, 2005) (not designated for permanent publication). The Court of Appeals affirmed the Board's denial of Walsh's application for a pension. Id.
On July 1, 2003, while the district court proceedings were pending, Walsh was terminated from his employment. Approximately 3 years later, Walsh filed an application for an NSCD pension with the Retirement System, claiming entitlement under Omaha Mun.Code, ch. 22, art. III, § 22-79 (2002). The Board denied the request because Walsh was not a member of the Retirement System at the time of his request or as of the date of the Board's hearing. The Board concluded, therefore, that Walsh was not qualified to make such an application.
Walsh filed a declaratory judgment action asking the court to construe § 22-79. Both parties moved for summary judgment. The district court held that interpreting the municipal code to require an applicant for an NSCD pension to be currently employed at the time of the application, as opposed to the time the applicant sustained the disabling injuries, would cause an absurd result. The court sustained Walsh's motion for summary judgment and overruled the motion filed by the Retirement System and the City. The court ordered the Board to hear Walsh's application for an NSCD pension. The Retirement System and the City appeal.

ASSIGNMENTS OF ERROR
In summary, the Retirement System and the City argue that the district court erred in sustaining Walsh's motion for summary judgment and in construing § 22-79 to permit application for an NSCD pension by Walsh, who was not a member of the Retirement System at the time his application was filed.

ANALYSIS
The issue is whether Walsh was eligible to apply for an NSCD pension from the Retirement System after his employment with the Omaha Police Department had been terminated and he was no longer a member of the system.
Section 22-79 provides:
(a) Any member of the system who, while not in the line of duty, has sustained or shall sustain injuries or sickness, not arising out of the immediate or direct performance or discharge of duty, which immediately or after a lapse of time permanently unfit such annuitant for active duty in such annuitant's department, shall receive a monthly ordinary disability pension as long as such annuitant remains unfit for active duty in such annuitant's department....
....
(b) Any member of the system seeking benefits under this section shall not be entitled to any benefit provided herein *414 if such annuitant's disability from injuries or illness arises from or is a result of any act committed by such member, which act is a violation of any state or federal criminal statute or any city criminal ordinance.
"Members" are defined as "[p]ermanent currently employed probationary and regular uniformed personnel actually engaged in or normally available for assigned duties, including those in official leave status...." Omaha Mun.Code, ch. 22, art. III, § 22-63 (2004). In addition, Omaha Mun.Code, ch. 22, art. III, § 22-64 (2001), states: "Membership in the ... [retirement [s]ystem shall be limited to and shall include only current permanent, probationary and regular uniformed personnel of the police and fire departments of the [c]ity."
The parties disagree whether the Omaha Municipal Code requires that a person be a member of the Retirement System at the time he or she files an application for an NSCD pension or whether the code requires only that the individual was a member of the Retirement System at the time of the injury that led to the disability.
The district court stated: "Requiring an applicant for [an NSCD] pension to be currently employed at the time of the application, as opposed to when he sustained the disabling injuries, is seriously flawed not only in the construction of the language but by causing an absurd result." The court noted that the plain, direct, and unambiguous meaning of the phrase found in § 22-79, "[a]ny member of the system who ... has sustained or shall sustain injuries or sickness," applies to a person who is a member of the Retirement System and sustains an injury. The court stated: "It does not directly or indirectly imply that you have to be a member of the [Retirement] System when you apply for a pension based on injuries sustained while you were a member of the system. The Retirement System's interpretation causes absurd, unfair, and inequitable results."
The district court determined:
It is ... the time of the injury which gives rise to the pension entitlement that is relevant, not the time when the application is made. If the time of application were important or relevant, the ordinance would have in a straightforward fashion, using clear language, state[d] that an individual must be a member of the system at the time of applying for [an NSCD] pension. That however is not what the ordinance states.
When analyzing a municipal ordinance, an appellate court follows the same rules as those applied to statutory analysis. State v. Prater, 268 Neb. 655, 686 N.W.2d 896 (2004). See, also, Brunken v. Board of Trustees, 261 Neb. 626, 624 N.W.2d 629 (2001). We first look to the plain language of the code. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. State v. Prater, supra. An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Id. Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. Agena v. Lancaster Cty. Bd. of Equal., 276 Neb. 851, 758 N.W.2d 363 (2008).
Section 22-79 provides for a monthly disability pension for any member of the Retirement System who sustains injuries or sickness while not in the line of duty or arising out of the performance of duty if the injuries or sickness immediately or after a lapse of time make the member permanently unfit for active duty. It was not disputed that Walsh suffered injuries to his back and right knee while he was a *415 member of the Retirement System. He was denied a service-connected disability while employed by the City.
After his employment was terminated, Walsh sought an NSCD pension. The definition of a "member" includes those permanent, currently employed uniformed personnel. He was employed and a member of the Retirement System at the time he sustained the injuries for which he seeks a disability pension. As the district court stated, the plain, direct, and unambiguous meaning of § 22-79, provides that it is "the time of the injury which gives rise to the pension entitlement ... not the time when the application is made."
This court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. The ordinance does not state that a disability pension is available only to an employee who is a member of the Retirement System at the time he or she applies for a pension.
In addition, § 22-79 provides for eligibility for a disability from injuries or sickness which immediately or after a lapse of time leaves the annuitant unfit for active duty. The ordinance states that a disability pension may be granted to a member who sustains injuries which do not affect his or her performance immediately, but arise after a period of time. The plain reading of this portion of the ordinance also supports a finding that it is the time of the injury or sickness which is relevant to a member's eligibility for a disability pension.
The district court sustained Walsh's motion for summary judgment and directed the Board to hear his application for an NSCD pension. Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Steffen v. Progressive Northern Ins. Co., 276 Neb. 378, 754 N.W.2d 730 (2008). The court was correct in sustaining Walsh's motion and in ordering that Walsh should have his application heard by the Board.

CONCLUSION
The judgment of the district court is affirmed.
Affirmed.
GERRARD, J., participating on briefs.